UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSEPH WANAMAKER on behalf of
himself and all others similarly situated,

       Plaintiff,

              **Hon. Hugh B. Scott**

       v.            12CV154A

              **Report
&
Recommendation**

NATIONAL DATA RESEARCH, INC.
doing business as Integrascan,

       Defendant.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 20). The instant matter before the Court is defendant's motion to dismiss this case for insufficient service of process, pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m) (Docket No. 19[1] (referred to the undersigned on September 6, 2013, Docket No. 20)).

## BACKGROUND

This is a putative class action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq., in which plaintiff (on behalf of himself and those similarly situated) alleges that defendant willfully violated 15 U.S.C. §§ 1681b(a), 1681e(b), 1681g, and 1681i (see generally Docket

---

[1] In support of its motion, defendant submits its attorney's Affidavit with exhibits, and its Memorandum of Law, Docket No. 19; the Declaration of Terry Sweet with exhibits (Sweet's bankruptcy petition filed in the United States Bankruptcy Court for the Western District of New York), Docket No. 23; and its Reply Memorandum of Law, id.
 In opposition, plaintiff submits his attorney's Declaration, with exhibit, and Memorandum of Law, Docket No. 22.

No. 1, Compl.; see also Docket No. 19, Def. Atty. Aff. Ex. A). Plaintiff claims that defendant made reports in January 2011 that contained records that should have been sealed (Docket No. 1, Compl. ¶¶ 17-18). The present issue is whether plaintiff effectively served defendant or has good cause for the delay in service.

Defendant contends (and is not disputed by plaintiff, see generally Docket No. 22, Pl. Memo. at 5-6) that it was not served until 419 days after the February 21, 2012, entry of the Complaint (Docket No. 19, Def. Memo. at 2; Docket No. 19, Def. Atty. Aff. ¶ 13). On February 21, 2012, plaintiff filed his Complaint (Docket No. 1) and, on August 2, 2012, plaintiff filed proof of service upon a "Terry Sweet as Resident Agent of National Data Research, Inc.," serving Sweet at an address in Silver Spring, Maryland, on May 31, 2012 (Docket No. 19, Def. Atty. Aff. ¶ 2, Ex. B; Docket No. 7, Aff. of Service).

On February 20, 2013, this Court issued an Order whether this action should be dismissed for inactivity (Docket No. 8; see Docket No. 19, Def. Atty. Aff. ¶ 6), but plaintiff explained that it properly served defendant on May 31, 2012, but no Answer or response was filed by defendant (Docket No. 19, Def. Atty. Aff. ¶ 7, Ex. C; Docket No. 9). Plaintiff moved for entry of Default Judgment (Docket No. 9; see Docket No. 19, Def. Atty. Aff. ¶¶ 7-9). Default Judgment was duly entered on March 22, 2013 (Docket No. 11; see Docket No. 19, Def. Atty. Aff. ¶ 10). Upon the parties' stipulation, this Default Judgment was vacated on May 31, 2013 (Docket Nos. 13, 14; see Docket No. 19, Def. Atty. Aff. ¶ 11, Ex. D).

On April 15, 2013, plaintiff served Terry Sweet at an address in Portland, New York (Docket No. 19, Def. Atty. Aff. ¶ 12).

*Serving Terry Sweet*

Prior to the initial and subsequent service, plaintiff first made attempts to locate defendant and its agent for service (Docket No. 22, Pl. Atty. Decl. ¶¶ 4-12), checking records in government agencies or courts in four states (id., Ohio, Florida, Delaware, and New York, the Bankruptcy Court in this district). Plaintiff's counsel attempted mailing of Waiver of Service to defendant's addresses in Florida and Ohio, but the mail was returned as undeliverable (id. ¶¶ 5, 6, Exs. 2, 3). Plaintiff, however, did not claim to have also attempted mailing to defendant's listed current mailing address in Brocton, New York, in its corporate disclosure to the Florida Secretary of State (cf. id., Ex. 1). Counsel then hired a process server in Florida who learned that the two listed Florida addresses were abandoned (id. ¶¶ 7-8). Eventually, plaintiff's counsel found a Terry Sweet in Maryland and used that address to serve the Complaint (id. ¶ 12; Docket No. 7).

After this purported service and entry of the Default Judgment, plaintiff's counsel learned first, that defendant was never served (Docket No. 22, Pl. Atty. Decl. ¶ 16) and, second, that his process server served the wrong Terry Sweet (the one in Maryland) in relying upon defendant's corporate filings with the Florida Secretary of State (Docket No. 22, Pl. Memo. at 6). Upon revisiting the Florida Secretary of State, plaintiff learned that Sweet gave a different, but also inaccurate, address to the Secretary of State (Docket No. 22, Pl. Atty. Decl. ¶ 17, Ex. 1). Plaintiff's counsel then found another corporation, Sweetland Properties LLC, which had a Terry Sweet as its registered agent with an address in Portland, New York (id. ¶ 18, Ex. 4). On April 1, 2013, "the same day" counsel learned the wrong Terry Sweet was served, plaintiff's counsel retained a process server to serve the Portland, New York, Terry Sweet, and that person was served on April 13, 2013 (id. ¶¶ 19-20).

Despite the fact that the issue in this case is proper service, neither plaintiff nor defendant has filed the proof of service of the Terry Sweet in Portland, New York.

Defendant replies with the bankruptcy petition filed by Terry Sweet in the bankruptcy court in this District (Docket No. 23, Sweet Decl., Ex. A), filed July 8, 2009, see also In re Sweet, No. 09-13151-CLB (Bankr. Ct., W.D.N.Y.). Sweet declares that he is the president and resident agent of defendant and has lived in his Portland, New York, home for the last seven years (id., Sweet Decl. ¶¶ 1, 2). Plaintiff learned (or could have learned) Sweet's New York address from his bankruptcy petition (Docket No. 23, Def. Reply Memo. at 3-4).

Defendant argues that good cause for extending the 120 days for service is only granted for exceptional circumstances beyond plaintiff's control (id. at 2), see Marosan v. Trocaire College, No. 12CV151, 2013 U.S. Dist. LEXIS 17478, at *1, 8 (W.D.N.Y. Feb. 8, 2013) (Arcara, J.); Mused v. United States Dep't of Agric. Food & Nutrition Serv., 169 F.R.D. 28, 32 (W.D.N.Y. 1996)(Arcara, J.). Defendant contends that plaintiff's misplaced reliance upon his process server is not sufficient good cause, Marosan, supra, 2013 U.S. Dist. LEXIS 17478, at *8; Mused, supra, 169 F.R.D. at 32 (id. at 2). Defendant concludes that the statutes of limitations would bar plaintiff from refiling this action if dismissed (id. at 6).

## DISCUSSION

A defendant may move to dismiss the case for insufficient service of process, Fed. R. Civ. P. 12(b)(5). When a defendant raises a Rule 12(b)(5) challenge, plaintiff bears the burden of proving the adequacy of service, Beatie and Osborn LLP v. Patriot Scientific Corp., 431 F. Supp. 2d 367, 384 (S.D.N.Y. 2006); Preston v. New York, 223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002).

If a Complaint is not served within 120 days of its filing with the Court, "the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period," Fed. R. Civ. P. 4(m). This rule contains two mandatory, but on its face contrary, directions. First, if not filed within the rule's 120 days, the Court must dismiss the action without prejudice. Second, if plaintiff shows good cause for the delay, the Court must allow for what otherwise would be late service.

Cases applying Rules 4(m) and 12(b)(5) are divided whether the Court must dismiss or whether such dismissal is discretionary for the Court. Compare Haley v. Simmons, 529 F.2d 78, 78 (8th Cir. 1976) (per curiam) (dismissal not invariably required) with NAACP–Special Contribution Fund v. Jones, 732 F. Supp. 791, 796 (N.D. Ohio 1990) (failure to perfect service within 120 days mandated dismissal) ("Jones"). If viewed as discretionary, this Court has the options of dismissing the case or quashing service but retaining the case, Haley, supra, 529 F.2d at 78 (citing, e.g., Miller v. Cousins Properties, Inc., 378 F. Supp. 711, 716 (D. Vt. 1974); 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1354, at 584-87 (1969)); Beatie and Osborn LLP, supra, 431 F. Supp. 2d at 385 n.11; see also 5B Wright & Miller, Federal Practice and Procedure § 1354, at 348 (Civil 3d 2004) (courts have "broad discretion" to dismiss or quash service). As to the quashing service, only service of process would be repeated whereas dismissal of the action would require plaintiff to commence anew, see 5B Wright & Miller, supra, assuming the statute of limitations has not run on the claim, cf. 15 U.S.C. § 1681p (statute of limitations, earlier of two years after date of discovery or five years

after date of which violation of act occurred).  On the other hand, in Jones, the defendant refused to accept mailed Acknowledgment of Receipt and Summons and plaintiff failed to personally serve him in three years, Jones, supra, 732 F. Supp. at 796.  That court held that the delay awaiting decision of a pending motion did not constitute good cause to excuse the delay, id.  The court then dismissed this case on the alternative ground of the failure to perfect service as well as lack of subject matter jurisdiction, id.  Thus, the key seems to be whether plaintiff has shown good cause for the delay in service to give the Court the basis to excuse the delay, not dismiss the case, and allow for service.

Plaintiff here tried to locate Terry Sweet, the agent for service for defendant, but was given inaccurate addresses from defendant's corporate filings.  Plaintiff's attorney saw Sweet's 2009 bankruptcy filing in this district but did not see an address for defendant company (Docket No. 22, Pl. Atty. Decl. ¶ 10).  But Sweet's petition gave his New York address (Docket No. 23, Ex. A, Bankruptcy Petition at 2).  This petition listed Sweet's income from self-employment (id., Ex. A, Bankruptcy Petition at 11) listing the business as "National Debt Research" at defendant's address in Loxahatchee, Florida (id., Ex. A, Bankruptcy Petition at 15-16).  The Schedule of Sweet's real property lists defendant's address as property Sweet and his wife owned in fee simple (id. at 17, Bankruptcy Petition Sch. A).  While Sweet gave a different name for the company ("Debt" for "Data"), he furnished his address in New York that plaintiff could have used to attempt service initially.  There was enough information in that petition to identify this Sweet as being defendant's agent and provides the agent's current address.

Although the good cause inquiry is not a test to determine if plaintiff exercised due diligence in attempting to serve within the 120-day period of Rule 4(m), plaintiff's stated excuse

6

(reliance upon process server who misidentified the corporate agent) is not sufficient good cause to excuse failure to serve within the time period.

The delay between May 31, 2012 (when plaintiff filed the proof of service for serving the Maryland Terry Sweet), and April 1, 2013 (when the error was disclosed), is not excused because plaintiff relied upon the proof of service filed by his process server and upon defendant's non-appearance as a default. Once he learned of the error, plaintiff promptly sought to identify and locate the correct agent, serving him days later. But plaintiff had the information from months before in the initial search that would have located the correct corporate agent.

Therefore plaintiff **has not shown good cause** for the delay in service of defendant's correct agent. Even absent good faith, this Court may in its discretion extend the time for service, Zapata v. City of New York, 502 F.3d 192, 195-96 (2d Cir. 2007); Marosan, supra, 2013 U.S. Dist. LEXIS 17478, at *9. "When deciding whether to exercise discretion and extend the time for service in absence of good cause, courts in this circuit consider: '(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by granting of plaintiff's request for relief from the provision.' Eastern Refractories Co. v. Forty Eight Insulations, Inc., 187 F.R.D. 503, 505 (S.D.N.Y. 1999)," Marosan, supra, 2013 U.S. Dist. LEXIS 17478, at *10.

Applying these factors, according to defendant the applicable statutes of limitations would run if plaintiff were compelled now to refile (Docket No. 23, Def. Reply Memo. at 6). Defendant has actual notice of the action from the proceedings to lift the entry of the Default

7

Judgment, but that was over a year after commencement.  Defendant did not conceal the defect in plaintiff's service.  Defendant claims that it would be extremely prejudiced because it would defend a time barred class action of thousands of plaintiffs (Docket No. 23, Def. Reply Memo. at 8).  But defendant does not specify how plaintiff's claim is time barred.

Claims under the Fair Credit Report Act have a statute of limitations of the earlier of two years after date of discovery or five years after date of which violation of act occurred, 15 U.S.C. § 1681p.  Taking plaintiff's allegations, in January 2011 he discovered that defendant was making consumer reports with misrepresentations about plaintiff's status (Docket No. 1, Compl. ¶ 18).  Under the earlier two-year discovery prong of the statute of limitations, the latest plaintiff could commence this action if refiled is January 2013.  This Court should **decline to exercise its discretion** to allow plaintiff to refile this action or accept its belated service of the Complaint.

Defendant's motion to dismiss the Complaint for insufficient service of process (Docket No. 19) should be **granted**; this Court **should not exercise** its discretion and allow plaintiff either to reserve and file this action or accept plaintiff's belated service or deem plaintiff's second service on April 13, 2013, timely.

## CONCLUSION

Based upon the above, it is recommended that defendant's motion to dismiss this case for insufficient service of process, pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m) (Docket No. 19), be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
October 30, 2013