UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOSEPH WANAMAKER, on behalf of
himself and all others similarly situated,

                      Plaintiff,

                                                   **DECISION AND ORDER**
          v.                                         12-CV-154-A

NATIONAL DATA RESEARCH, INC.,
doing business as Integrascan,

                      Defendant.

---

      This Fair Credit Reporting Act case arising under 15 U.S.C. § 1681, *et seq.,* was referred to Magistrate Judge Hugh B. Scott pursuant to 28 U.S.C. § 636(b)(1)(B) for pretrial proceedings.  On October 30, 2013, Magistrate Judge Scott filed a Report and Recommendation, Dkt. No. 24, recommending that a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) filed by defendant National Data Research, Inc., for untimely service of process under Federal Rules of Civil Procedure 4(m), be granted.

      During oral argument of plaintiff Joseph Wanamaker's objections to the Report and Recommendation, the Court directed the parties to file supplemental briefing regarding the available means of service of process not requiring personal delivery upon defendant's principal.  *See* Text Order 29.  After careful consideration of the Report and Recommendation and the pleadings submitted by the parties, including their supplemental memoranda, it is hereby

ORDERED, pursuant to 28 U.S.C. § 636(b)(1), for the reasons that follow and that are stated in Magistrate Judge Scott's Report and Recommendation, that defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5) for untimely service of process under Fed. R. Civ. P. 4(m) is granted.  The dismissal is without prejudice, even though plaintiff's claims are not viable if they are time barred.  Although this result is harsh, it is a disposition the Court finds necessary to give proper regard to the importance of due process through the timely service of process, and a result that balances competing hardships to be suffered by the parties in view of their respective shares of responsibility for the untimely service of process in this case.

Plaintiff Wanamaker characterizes the readily-available option of timely serving process upon defendant by serving the Secretary of State of New York pursuant to N.Y. B.C.L. § 307 in his supplemental memorandum as "technical meaningless service." Dkt. No. 31, pp. 5; *see id.* pp. 2, 6-7.  But service upon defendant through the New York Secretary of State would have been equivalent to personal service.  See N.Y. B.C.L. § 307(d).  Service upon defendant through the New York Secretary of State, or by other means that were available to plaintiff under N.Y. C.P.L.R. 311(b) by Court order, would have satisfied due process.  It would have satisfied the statute of limitations, if timely perfected.  It would have permitted plaintiff to seek a default judgment against defendant.

Plaintiff Wanamaker stresses his accusations that defendant intentionally

failed to comply with provisions of Florida law that required defendant, a Florida corporation, to maintain a registered agent for service of process and an identified office in Florida.  While these circumstances made it impossible for plaintiff to complete service upon defendant in the way he seems to have favored completing service, see Dkt. No. 22, ¶¶ 3-20, they also gave plaintiff compelling reasons to use other available means of service to satisfy due process within the time period allowed under the Fed. R. Civ. Pro. 4(m).  *See e.g.*, *Gordon v. Hunt*, 116 F.R.D. 313, 320-21 (S.D.N.Y.), *aff'd*, 835 F.2d 452 (2d Cir. 1987).  Moreover, plaintiff had numerous conflicting pieces of information about where defendant's principal was to be located for receipt of service, and yet he failed to take steps to test whether he had completed valid service of process.  *See* Dkt. No. 8 (February 20, 2013 Notice Before Dismissal for Failure to Prosecute) .

Plaintiff Wanamaker argues he would have needed to take additional steps beyond any of the other means of service of process available to him — steps similar to those he actually tried to take to locate and serve a principal of defendant — to succeed in bringing defendant before the Court.  Even if that speculation is accurate, it does not explain plaintiff's failure to use readily-available options available to him to complete service of process much sooner than he did.  Service of process through the New York Secretary of State, for example, was certainly not an  "empty technical means of service," Dkt. No. 31, p. 2, to be disregarded as a waste of plaintiff's time when the law clearly required

reasonable diligence to satisfy the timely service requirement in Federal Rule of Civil Procedure 4(m).

Without deciding the question whether plaintiff Wanamaker's claims will be barred by the applicable statute of limitations upon dismissal of this action, it does appear they will be barred.  See Dkt. No. 24, pp. 7-8.  The Report and Recommendation preliminarily concluded plaintiff's claims were time barred in January, 2013, if plaintiff's failure to complete timely service is not excused by the Court.  Id.  The Court therefore assumes, for present purposes only, that dismissal of this action without prejudice for failure to timely serve process amounts to a dismissal with prejudice because the claims will be time barred.

The Court weighs the drastic consequence of dismissal of claims that will be time barred heavily against dismissal for failure to timely serve process under the four-part test in *Zapata v. City of New York*, 502 F.3d 192, 195-96 (2d Cir. 2007).  The Court's discretion favors disposition of cases on the merits of claims and defenses, absent strong countervailing interests.

While plaintiff Wanamaker argues strenuously it was deceitful of defendant not to maintain a registered agent for service of process and an office in Florida, there is no evidence defendant's principal was actually aware of this case and took steps to evade plaintiff's attempts to serve process upon it.  See Dkt. No. 9-1.  There is no evidence defendant attempted knowingly to conceal plaintiff's failure to effect service.  The case is now more than a year past the applicable

statute of limitations bar date, it appears.  Dkt. No 24, pp. 7-8.  Defendant will therefore also suffer prejudice if plaintiff's untimely service of process is excused by the Court.

Under all the circumstances, in what is a very close call, the Court concludes for the reasons stated above, and in Magistrate Judge Scott's Report and Recommendation, that the Court will not exercise its discretion to excuse plaintiff Wanamaker's failure to timely serve process under Fed. R. Civ. P. 4(m).  The action is therefore dismissed.  The Clerk of Court shall take steps necessary to close the case.

IT IS SO ORDERED.

*Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

Dated: February 13, 2014